UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | Case No. 18-CR-054 (MAU) |
| v. | : | |
| | : | |
| JEROME FULLER, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S PROBATION VIOLATION AND SENTENCING MEMORANDUM**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum regarding the Government's position on defendant Jerome Fuller's probation violations and sentencing recommendation.

I. **Background and Procedural History**

   A. **Plea and Sentencing**

On May 22, 2018, defendant Jerome Fuller pleaded guilty, pursuant to a Plea Agreement, to Count 3 of the Indictment charging him with Distribution of a Mixture and Substance Containing a Detectable Amount of Phencyclidine (PCP), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (ECF Nos. 10-12.)

On August 16, 2018, Mr. Fuller was sentenced to 63 months of imprisonment, three years of supervised release, and a $100 Special Assessment. (ECF No. 20.) Mr. Fuller's supervised release included the Mandatory conditions, including refraining from unlawful possession or use of controlled substances; Standard Conditions of Supervision, including to report to the probation officer as instructed; and a series of Special Conditions, including Substance Abuse Testing and Substance Abuse Treatment. *Id.* Mr. Fuller's supervision began on October 13, 2022, and is set to expire on October 12, 2025.

### B. Probation Petitions for Violations

Probation has reported multiple violations by Mr. Fuller during his term of supervised release in this case. The July 8, 2024, Probation Petition (ECF No. 38) reported the following violations:

Violation No. 1     For Mr. Fuller's failure to report to his supervising probation officer as instructed, on the following 11 dates:

- December 12, 2023;
- March 6, 2024;
- March 9, 2024;
- May 10, 2024;
- May 31, 2024;
- June 7, 2024;
- June 14, 2024;
- June 20, 2024;
- June 21, 2024;
- June 28, 2024; and
- July 5, 2024.

Violation No. 2     For Mr. Fuller's unlawful use of controlled substances on the following three dates:

- May 3, 2023;
- July 15, 2023; and
- March 12, 2024.

Violation No. 3     For Mr. Fuller failing to submit to substance abuse testing as directed by the probation office on the following nine dates:

- February 20, 2024;
- March 28, 2024;
- April 10, 2024;
- April 30, 2024;
- May 8, 2024;
- May 21, 2024;
- May 24, 2024;
- June 11, 2024; and
- June 27, 2024.

|   |   |
|---|---|
| <u>Violation No. 4</u> | For Mr. Fuller's unlawful possession of controlled substances on the following three dates: |
| | • May 3, 2023; |
| | • July 15, 2023; and |
| | • March 12, 2024. |
| <u>Violation No. 5</u> | For Mr. Fuller's failure to comply with mandatory substance abuse treatment on December 29, 2023. |

Additionally, Probation reported that Mr. Fuller tested positive for a controlled substance on December 16, 2024, and tested negative for controlled substances on February 6, 2024.

Probation further reported that Mr. Fuller did not report for substance abuse testing as instructed more recently on six dates, including November 19, 2024; November 20, 2024; December 11, 2024 (defendant reported hospitalization); February 18, 2025 (defendant reported stolen phone); March 4, 2025; and March 5, 2025.

The Government has requested that Probation submit an amended Petition and Status Report reflecting Mr. Fuller's additional compliance and non-compliance with conditions since the July 8, 2024 Petition. To date, Probation has not issued an updated Petition; the most recent Status Report was filed on December 12, 2024 (ECF No. 46). The Government continues to believe that it would be beneficial for Probation to file an updated Petition and Status Report to ensure that a full record of Mr. Fuller's compliance and non-compliance, including his most recent performance, is available for the Court's consideration.

The Parties requested all discoverable materials from Probation regarding the allegations in the Petition. Probation produced positive lab test results for samples provided by Mr. Fuller on the three dates alleged in Violation No. 2, specifically: May 3, 2023 (positive for fentanyl); July 15, 2023 (positive for fentanyl and marijuana); and March 12, 2024 (positive for fentanyl). In addition, Probation provided the positive lab test for the sample provided by Mr. Fuller on December 16, 2024, which also tested positive for fentanyl. Probation also reported that records

are unavailable for multiple other dates at issue in the Petition, due to the fact that two prior probation officers who supervised Mr. Fuller are no longer with the office.

**II.     Government's Recommendation Regarding Violations and Sentencing**

Based on available evidence and records, the Government intends to proceed on Violation No. 2 (Use of Controlled Substances) and Violation No. 3 (Failure to Submit to Substance Abuse Testing). To the extent that Mr. Fuller is found to have committed either violation, the Court is required to revoke his term of supervised release and sentence him to a term of imprisonment. 18 U.S.C. § 3583(g)(3) and (g)(4). The maximum term of imprisonment upon revocation of supervised release is 24 months for a Class C felony. 18 U.S.C. § 3583(e)(3). Either violation would constitute a Grade C violation here. U.S.S.G. § 7B1.1(a)(3). As a result, because Mr. Fuller was determined to be Criminal History Category VI, he faces a Guidelines range of 8 to 14 months of imprisonment for these violations. U.S.S.G. § 7B1.4(a).

Mr. Fuller was originally sentenced to 63 months of imprisonment and three years of supervised release for his offense of conviction in this case. As alleged by Probation in the Petition, Mr. Fuller tested positive for controlled substances twice during his first year of supervised release, and demonstrated a consistent pattern of failing to submit to substance abusing testing in 2024 during his second year of supervision. In consideration of the factors set forth in 18 U.S.C. § 3553(a), the nature and circumstances of Mr. Fuller's non-compliance with substance abuse-related conditions demonstrates a repeated failure to abstain from the unlawful use of controlled substances, as well as a repeated effort to avoid the detection thereof. Though less serious that Mr. Fuller's underlying offense for the distribution of a dangerous controlled substance, his apparent abuse of fentanyl is dangerous to himself and plainly non-compliant with his supervision. Notwithstanding Mr. Fuller's compliance history, it is particularly striking that most recently in

March 2025, Mr. Fuller appears to have given up on attempting to comply with both substance abuse testing and reporting as instructed by his supervising probation officer. Such patent non-compliance should not be condoned.

Because any revocation sentence to be imposed in this case should reflect the seriousness of this offense, promote respect for the law, and provide just punishment, the Government respectfully recommends that, upon a finding of Mr. Fuller having committed Violation No. 2 or Violation No. 3, the Court should revoke the term of supervised release pursuant to 18 U.S.C. § 3583(g) and sentence Mr. Fuller to 12 months of imprisonment for the violation(s). Such a sentence would serve as a sanction for Mr. Fuller's material non-compliance with supervision and serve to deter Mr. Fuller and others from similar repeated non-compliance in the future.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney

By:  */s/ Thomas G. Strong*
Thomas G. Strong
Assistant United States Attorney
601 D Street NW
Washington, DC 20530
(202) 252-7063
thomas.strong@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that I caused a copy of the foregoing to be served upon counsel of record via the Electronic Case Filing (ECF) system on April 22, 2025.

                                                  By:    */s/ Thomas G. Strong*
                                                           Thomas G. Strong
                                                           Assistant United States Attorney